IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| WILLIS FREEMAN, | ) |
| Plaintiff, | ) |
| | ) No. |
| vs. | ) |
| | ) |
| LIEBERMAN, MICHAELS, & KELLY, LLC, | ) **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, WILLIS FREEMAN, by and through his attorney, M. LYNETTE HARTSELL, and for his Complaint against the Defendant, LIEBERMAN, MICHAELS, & KELLY, LLC, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Charlotte, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a limited liability company of the State of New York, which is not licensed to do business in North Carolina and which has its principal place of business in Cheektowaga, New York.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. On or about October 7, 2009, Plaintiff received a letter from Defendant in regard to the collection of an alleged debt. The letter was devoid of the language required pursuant to 15 U.S.C. § 1692g. The language used in the letter also overshadowed Plaintiff's right to request verification and validation of the alleged debt pursuant to 15 U.S.C. § 1692g. A copy of said letter is attached hereto as Exhibit 1.

8. On or about October 7, 2009, representatives of Defendant, including, but not limited to John Williams and Vicky Newman, began contacting Plaintiff by telephone in attempts to collect the aforementioned alleged debt. These telephone calls to Plaintiff sometimes numbered in excess of five (5) calls per day and in excess of twenty (20) calls per month.

9. During said calls, the representatives of Defendant failed to always disclose to Plaintiff that they were debt collectors.

10. Further, during at least one of the aforementioned telephone conversations with Plaintiff, representatives of Defendant inferred that Plaintiff could face wage garnishment, criminal charges and/or imprisonment if he did not pay the alleged debt, although no legal action had been initiated against Plaintiff.

11. After leaving a voicemail message for Plaintiff on October 7, 2009, representatives of Defendant called and either spoke to directly or left voice mail messages for various different members of Plaintiff's family, including his parents, uncle and father-in-law. None of these family members were members of Plaintiff's household. During these telephone calls and voice mail messages, representatives of Defendant disclosed the company's name, inferred that they were calling from a law firm, stated that Plaintiff allegedly owed a debt and falsely stated that there was a civil suit pending against Plaintiff and/or that there were three criminal "charges pending" against Plaintiff including "breach of contract, theft of goods, fraud and attempt to de-fraud a banking institution."

12. To date, Defendant has not filed a civil suit against Plaintiff to collect the alleged debt and upon information and belief, Defendant is not a law firm and does not employ attorneys licensed in the State of North Carolina.

13. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Identifying the name of Defendant's company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

3

b. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of 15 U.S.C. § 1692b(2);

c. Communicating with a person other than Plaintiff more than once in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692b(3);

d. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692c(b);

e. Causing a telephone to ring or engaging Plaintiff and his family in conversation repeatedly and continuously with the intent to annoy, abuse or harass him, in violation of 15 U.S.C. § 1692d(5);

f. Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

g. Representing or implying that nonpayment of the alleged debt would result in the arrest or imprisonment of Plaintiff and the seizure and garnishment of his property or wages, where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

h. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

i. Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace him, in violation of 15 U.S.C. § 1692e(7);

j.  Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692e;

k.  Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11);

l.  Failing to send the written notice to Plaintiff which is required by 15 U.S.C. § 1692g(a);

m.  Participating in collection activities which overshadowed and/or were inconsistent with Plaintiff's right to dispute the debt or to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b); and

n.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

14. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, WILLIS FREEMAN, respectfully prays for a judgment against Defendant as follows:

a.  Statutory damages of $1,000.00 for each violation of the FDCPA;

b.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.  Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the North Carolina Prohibited Practices by Collection

Agencies Engaged in the Collection of Debts from Consumers Statute)

15. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

16. In its attempts to collect the aforementioned alleged debt, Defendant violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

- a. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt, in violation of N.C. Gen. Stat. § 58-70-110(1);

- b. Causing a telephone to ring or engaging Plaintiff and his family in conversation repeatedly and continuously with the intent to annoy, abuse or harass him, in violation of N.C. Gen. Stat. § 58-70-100(3);

- c. Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of N.C. Gen. Stat. § 58-70-110(7);

- d. Representing or implying that nonpayment of the alleged debt will result in the arrest or imprisonment of Plaintiff, and/or the seizure, garnishment, attachment and/or sale of his property or wages where such action is unlawful and/or Defendant did not intend to take such action, in violation of N.C. Gen. Stat. § 58-70-95(6);

  e.  Threatening to take action that cannot legally be taken and/or that was not intended to be taken, in violation of N.C. Gen. Stat. § 58-70-95(7) and (8);

  f.  Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace him, in violation of N.C. Gen. Stat. § 58-70-95(2);

  g.  Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of N.C. Gen. Stat. § 58-70-100(2);

  h.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute.

17. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, WILLIS FREEMAN, respectfully prays for a judgment against Defendant as follows:

  a.  Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

  b.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

  d.  Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ M. Lynette Hartsell
M. Lynette Hartsell (9845)
Attorney for Plaintiff
1010 Lakeview Drive
Cedar Grove, NC 27231
(888) 595-9111, ext. 713 (phone)
(866) 382-0092 (facsimile)
lhartsell@attorneysforconsumers.com